IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


ALLSTATE PROPERTY and )
CASUALTY INSURANCE COMPANY )
                            )
        Plaintiff,          )
                            )
        v.                  )        Civil No. 10-241
                            )
RICHARD J. BANKS,           )
                            )
        Defendant           )


MEMORANDUM OPINION

Mitchell, M.J.


Plaintiff Allstate Property and Casualty Insurance Company ("Allstate") filed a declaratory judgment action requesting that the Court enter judgment on three issues concerning the coverage available under an automobile insurance policy it issued to the defendant, Richard Banks ("Banks"). Before the Court are the parties' cross motions for summary judgment. Banks also has submitted an alternative motion, urging that the complaint be dismissed for lack of jurisdiction. For the reasons that follow, the court will grant Allstate's motion for summary judgment on the three issues for which it seeks declaratory relief, deny Banks's motion to dismiss, and grant in part and deny in part Banks's motion for summary judgment.

I.   Facts and Procedural History

1

On January 23, 2005, Banks, a Pennsylvania resident, was injured when he was riding as a passenger in his vehicle that collided with a tractor trailer in Dayton, Ohio. At the time of the accident, Banks was insured by Allstate under a policy that included an endorsement with a contractual choice of law clause, providing that claims and disputes related to the policy would be governed by Pennsylvania law. The policy was issued and executed in Pennsylvania and delivered to Banks's address in Indiana, Pennsylvania. The two automobiles insured under the policy were registered and garaged in Pennsylvania.

The policy provided for, among other coverages, underinsured motorist ("UIM") benefits. The amount of UIM coverage potentially available was $200,000 stacked coverage for the two vehicles owned by Banks. Concerning UIM benefits, the policy provided that disputes concerning an insured person's right to receive damages or the amount of those damages were to be submitted to arbitration.

Banks brought suit in Ohio state court to recover damages for the injuries he sustained in the January 23, 2005 accident. In the Ohio lawsuit, Banks alleged that while he was a passenger in a vehicle negligently driven by Douglas H. Jennings, a tractor trailer driven by Doyle Loudin and owned by North American Van Lines, Inc., negligently turned in front of Banks's car and caused the accident. Banks settled the Ohio action against Jennings for $50,000, the

limits of Jennings's automobile liability policy. Banks also settled with Loudin and the North American Van Lines for $115,000 of the $1,500,000 available under North American Van Lines's liability policy.

Banks also sought to recover UIM benefits under the Allstate policy in the Ohio lawsuit. Allstate filed a motion to dismiss based upon the arbitration provision contained in the policy. The Ohio Court of Common Pleas converted the motion into one for summary judgment, concluded that it lacked jurisdiction to hear this aspect of the lawsuit, and granted judgment in favor of Allstate. Banks filed an appeal and on September 25, 2009, the Court of Appeals of Ohio, Second Appellate District, affirmed on the grounds that the arbitration clause was enforceable. <u>Banks v. Jennings</u>, 184 Ohio App. 269, 920 N.E. 2d 432 (2009).

Upon dismissal of his UIM action in Ohio, Banks proceeded under the terms of the policy to seek arbitration to determine his UIM benefits. In response, Allstate has filed the instant declaratory judgment action requesting the Court to enter judgment that Pennsylvania substantive law applies to interpretation of UIM benefits under the policy (Count I), that Allstate is entitled to a setoff of the full policy limits of any insurance of the tortfeasors in the underlying action (Count II), and that, in the alternative, Allstate is entitled to a setoff of any payments made to Banks by the tortfeasors in the underlying action (Count III).

Allstate and Banks have filed cross motions for summary judgment. In addition to the three questions for which Allstate is seeking declaratory relief, Allstate's motion presents an alternative basis for recovery, that Banks has waived the right to collect UIM benefits because he failed to obtain Allstate's consent to settle as with the tortfeasors. Banks's motion requests that Allstate's declaratory judgment action be dismissed for lack of jurisdiction, that both Ohio and Pennsylvania laws apply, and that Allstate is entitled to an offset only in the amount actually received by Banks in his settlement of the underlying case.

II.  Standard of Review

A.  Motion to Dismiss under Fed. R. Civ. P. 12(b)(1)

Under Fed. R. Civ. P. 12(b)(1),a court must dismiss the matter if it lacks subject matter jurisdiction over the complaint. Dismissal is warranted under Rule 12(b)(1) only if the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." Gould Electronics, Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000) (quoting Kehr Packages, Inc. v. Fidelcor,Inc., 926 F.2d 1406, 1409 (3d Cir.1991)(quotations omitted).

B.  Cross Motions for Summary Judgment

Under Fed.R.Civ.P.56(c), "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there

is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law[,]" summary judgment should be granted. The threshold inquiry is whether there are any genuine factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250(1986). A court may grant summary judgment if the non-moving party fails to make a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322(1986). In making this determination, the non-moving party is entitled to all reasonable inferences. Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d Cir. 2008). A court may not, however, make credibility determinations or weigh the evidence in making its determination. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150(2000).

"The rule is no different where there are cross-motions for summary judgment." Lawrence v. City of Philadelphia, Pa., 527 F.3d 299, 310 (3d Cir. 2008). Cross motions are claims by each side that each alone is entitled to summary judgment. The presence of such inherently contradictory claims does not mandate that if one is rejected the other is justified or that the losing party waives judicial consideration of whether genuine issues of material fact

exist.  <u>Rains v. Cascade Industries, Inc.</u>, 402 F.2d 241, 245 (3d Cir. 1968).

    III.  <u>Discussion</u>

      A.  <u>Subject Matter Jurisdiction</u>

      Banks argues that the arbitration clause in the policy precludes this Court from exercising jurisdiction over this matter and, accordingly, Allstate's complaint should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  The Court views the motion instead as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.  The Court has jurisdiction under 28 U.S.C. §1332 based upon the parties' diverse citizenship and the amount in controversy exceeds $75,000.  Compl. at ¶ 3.  In such instances, dismissal of a declaratory judgment action because the dispute is covered by an arbitration clause is properly styled as a Rule 12(b)(6) motion.  <u>Nationwide Insurance Company v. Patterson</u>, 953 F.2d 44, 45 n.1 (3d Cir. 1991).

      Having concluded that Banks motion is to be analyzed under Rule 12(b) (6) standards, the Court observes that instances where, as here, "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."  Fed. R. Civ. P. 12(b).  Normally, when a court converts a motion to dismiss to one for summary judgment, notice must be given to the parties of

the Court's intent to do so.  <u>Garcia v. Newtown Township</u>, Civil Action No. 09-cv-3809, 2010 WL 785808 at * 3 (E.D. Pa. March 5, 2010).  However, when a motion to dismiss has been framed alternatively as a summary judgment motion, the Court of Appeals for the Third Circuit has decided that the alternative filing suffices "to place the parties on notice that summary judgment might be entered."  <u>Latham v. United States</u>, 306 Fed. App'x 716, 718 (3d Cir. 2009)(citing <u>Hilfirty v. Shipman</u>, 91 F.3d 573, 578-79 (3d Cir. 1996)).  Accordingly, the Court will decide the jurisdiction/arbitration issue as if raised on summary judgment.

B. <u>Arbitration Clause</u>

The provision in the policy concerning arbitration of UIM benefits disputes reads as follows:

**If We Cannot Agree**

If the insured person and we don't agree:

1.  on that person's right to receive damages, or,
2.  on the amount of those damages,

then upon the written request of either party the disagreement will be settled by arbitration as provided under the Pennsylvania Uniform Arbitration Acts of 1927 and 1980.  The arbitrators will not have the power to decide any dispute regarding the nature or amount of coverage provided by the policy. . . .

Compl. Ex. A, p. 19 (italicized emphasis added).

The question of whether this dispute regarding coverage

7

must be submitted to arbitration is one related to the insurance contract and, as such, is governed by Pennsylvania law, see Choice of Law discussion, infra.  Under Pennsylvania law, whether an issue should be submitted to arbitration depends upon: (1) whether the parties agreed to arbitrate, and (2) whether the dispute falls within the ambit of the arbitration agreement.  State Farm Mutual Insurance Company v. Coviello, 233 F.3d 710, 716 (3d Cir. 2000). A dispute is not arbitrable if it can be stated with "positive assurance" that the arbitration agreement was not meant to have included it.  BDO Seidman, LLP v. Kirschner, Civil Action No. 09-634, 2009 WL 2168765, at *1 (W.D. Pa. July 16, 2009).

Banks contends that the Pennsylvania Supreme Court, in Brennan v. General Accident Fire and Life Assurance Corporation, 524 Pa. 542, 574 A.2d 580 (1990) endorsed a broad reading of arbitration provisions concerning UIM benefits.  The policy in Brennan called for arbitration when the parties disagreed if the insured was "legally entitled to recover damages from the owners or operators of an underinsured motor vehicle or do not agree as to the amount of those damages."  Id. at 582.  Because there was no limitation on the scope of the arbitrators authority expressed in the arbitration provision, the Pennsylvania Court understood this language to declare that all disputes between the insured and the insurer should be arbitrated and held that the arbitrators were not limited on the issues they could decide.  Id. at 583.

The arbitration clause in Banks's policy, however, expressly circumscribes the issues within the jurisdictional realm of the arbitrators. While at first glance, the arbitration clause appears " to giveth then taketh away," a closer reading reveals that the clause authorizes arbitrators to determine legal entitlement to damages, a question concerning the underlying tort liability, and the amount of those damages, but explicitly enjoins them from deciding contractual issues concerning the type or amount of coverage provided by the policy. Thus, on those matters which Allstate seeks declaratory relief, namely, that Pennsylvania substantive law applies to interpretation of the policy, that Allstate is entitled to a setoff of the full policy limits of any insurance of the tortfeasors in the underlying action, and that, in the alternative, Allstate is entitled to a setoff of any payments made to Banks by the tortfeasors in the underlying action, are questions concerning the "nature or amount of coverage provided by the policy" and are properly before the Court. On the other hand, questions concerning Banks's right to recover damages in the underlying tort action, and the amount of those damages are to be decided by the arbitrators.

C.  <u>Choice of Law</u>

The Allstate insurance policy contains the following choice of law provision:

**What Law Will Apply**

> This policy is issued in accordance with the laws of Pennsylvania and covers property or risks principally located in Pennsylvania. Subject to the following paragraph, any and all claims or disputes in any way related to this policy shall be governed by the laws of Pennsylvania.
>
> If a covered loss to the auto, a covered auto accident, or any other occurrence for which coverage applies under this policy happens outside Pennsylvania, claims or disputes regarding that covered loss to the auto, covered auto accident, or other covered occurrence may be governed by the laws of the jurisdiction in which that covered loss to the auto, covered auto accident, or other covered occurrence, only if the laws of the jurisdiction would apply in the absence of a contractual choice of law provision such as this.

Compl. Ex. A, Policy Endorsement, p.1.

A federal court sitting in diversity must apply the choice of law rules of the forum state, in this case, Pennsylvania. Knuzits v. Okuma Machine Tool, Inc., 40 F.3d 52, 55 (3d Cir. 1994). Under Pennsylvania choice of law rules, a choice of law provision in an insurance contract will be given effect. Miller v. Allstate Insurance Company, 763 A.2d 401, 403, 2000 PA Super 350 (2000); Nationwide Mutual Insurance Company v. West, 807 A.2d 916, 920, 2002 PA Super 282 (2002); Grimm v. Discover Financial Services, Civil Action Nos. 08-747, 08-832, 2008 WL 4821695, at *7 (W.D.Pa. November 4, 2008).

In its motion for summary judgment, Allstate requests that

the Court enter judgment in its favor declaring that Pennsylvania law applies to interpretation of the insurance policy it issued to Banks. Banks acknowledges that the law of Pennsylvania governs analysis of the insurance contract, but urges that certain language included in the policy indicates that application of Ohio law is also appropriate.

Banks first claims that the following previously-quoted language from the policy recognizes the possibility that the law of the jurisdiction of the accident might apply: "If a . . . covered auto accident, or any other occurrence for which coverage applies under this policy happens outside Pennsylvania, claims or disputes regarding that . . . covered occurrence may be governed by the laws of the jurisdiction in which that . . . covered occurrence happened . . . ". Banks, however, fails to reference the end of this sentence which reads: " only if the laws of the jurisdiction would apply in the absence of a contractual choice of law provision such as this." Thus, assuming there is a conflict in Ohio and Pennsylvania law, Ohio law would apply only if Pennsylvania choice of law dictates application of Ohio jurisprudence.

Pennsylvania applies a flexible "interest/contacts" approach to choice of law questions. Hammersmith v. TIG Insurance Company, 480 F.3d 220, 231 (3d Cir. 2007). Under this methodology, courts apply the law of the state having the most "significant contacts or relationships with the contract and not the underlying

tort." <u>West</u>, 807 A.2d at 921. In this matter, all of the significant contacts concerning the insurance contract arose in Pennsylvania. The policy was issued and executed in Pennsylvania and delivered to Banks, a Pennsylvania resident, at his Pennsylvania address. Additionally, the vehicles covered by the policy were registered and garaged in Pennsylvania. Joint Stipulation of Facts, ¶¶ 4, 16 - 18. The only connection Ohio has to this dispute is that it is the situs of the accident. However, the issues here concern the contract of insurance, and, as to that policy, Pennsylvania has the most substantial contacts. Thus, even absent the choice of law provision in the contract, Pennsylvania law would apply.

Banks next argues that the policy's definition of an underinsured auto requires application of Ohio law:

**An underinsured auto is:**

A motor vehicle which has bodily injury liability protection in effect at the time of the accident, but its limit for bodily injury liability is less than the damages the insured person is legally entitled to recover.

Compl., Ex. A, p.16.

Banks avers that the damages that he was "legally entitled to recover" are properly determined under Ohio law, citing <u>Willett v. Allstate Insurance Company</u>, 359 Fed. App'x 349 (3d Cir. 2009).[1]

1        Although <u>Willett</u> is an unpublished, non-precedential opinion, because of its factual similarity, the Court finds its reasoning helpful

In <u>Willett</u>, an insured's estate was seeking to recover UIM benefits for an automobile accident occurring in Maine that resulted in the death of David Willett, a Pennsylvania resident. Willett was a passenger in a car negligently driven by Thomas Piersiak, a Maine resident. The estate settled the claim with Piersiak's insurance carrier for $454,249. Although Piersiak had additional liability coverage, Maine law capped recoverable damages at the settlement amount. Allstate then denied the claim for UIM benefits contending that the estate had received all the damages to which the decedent was entitled to under the policy, and, therefore, Piersiak was not an underinsured motorist.

The Court of Appeals for the Third Circuit examined the Allstate policy's language concerning underinsured motorist coverage. As here, the policy provided that "we will pay damages to an insured person for bodily injury which an insured person is legally entitled to recover from the owner or operator of an underinsured vehicle." Compl. Ex. A, p. 15. The Willett policy also defined an underinsured vehicle identically to the Bank's policy.

In deciding if Allstate was required to pay UIM benefits, the appeals court first noted that the Willett policy was issued in Pennsylvania and that Pennsylvania law controlled interpretation of the contractual provisions. However, as to the meaning of the

in resolving the choice of law issue.

policy's language limiting recovery to damages that an insured was legally entitled to recover from a tortfeasor, the Court concluded that the "phrase clearly and unambiguously states that coverage depends upon the decedent's legal right to damages from Piersiak. . . . . [I]n short, Allstate's contractual liability, as established by the provisions of its policy, is derivative of Piersiak's tort liability." Id. at 351. The Third Circuit concluded that Maine law determined Piersiak's tort liability regardless of the fact that the "decedent was domiciled in Pennsylvania." Id. at 351.

This Court is likewise convinced that Ohio law determines the damages Banks is legally entitled to recover from the Ohio tortfeasors. This conclusion also is consistent with the Court's interpretation of the policy's arbitration clause, which distinguishes between a person's right to receive damages, a question for the arbitrators, and contractual issues regarding the nature and amount of coverage provided under the policy, questions for the Court.

Banks's third argument for application of Ohio law references the following policy language:

> We are not obligated to make any payment for
> bodily injury under the coverage which arises
> out of use of an underinsured auto until
> after the limits of liability protection in
> effect and applicable at the time of the
> accident have been exhausted by payment or
> judgment.

Compl. Ex. A, p. 18. Banks asserts that the limits of liability

protection for North American Van Lines that were in effect and applicable at the time of the accident are not a matter of interpretation of the Allstate policy and mandate instead a review of Ohio law.

While the Court agrees that the extent of North American Van Lines's liability protection does not invoke consideration of the Allstate policy, it disagrees that application of Ohio law is necessarily implicated by this paragraph. This paragraph instead requires an examination of North American Van Lines's insurance policy and its provisions will dictate the limits of liability protection in effect at the time of the accident.

To summarize, on the issue of choice of law, the Court grants Allstate's motion for summary judgment to the extent that Pennsylvania law will apply to issues of the nature and amount of coverage provided under the policy, i.e., Allstate's entitlement to a setoff of the full policy limits of any insurance of the tortfeasors in the underlying action, and Allstate's entitlement to a setoff of any payments made to Banks by the tortfeasors coverage available from the tortfeasors. Similarly, the Court will grant Banks's motion for summary judgment that Ohio law controls the questions for the arbitrators of Banks's legal entitlement to recover damages and the amount of those damages from the Ohio tortfeasors, but will deny the motion based on the conclusion that Pennsylvania law governs those issues arising under the policy.

D.  Exhaustion/Set-Off

The UIM benefits portion of the Allstate policy issued to Banks contains the following provisions:

> 6. We are not obligated to make any payment for bodily injury under this coverage which  arises out of the use of an underinsured  auto until after the limits of liability  for all motor vehicle liability protection  in effect and applicable at the time of the accident have been exhausted by payment of judgments or settlements.
>
> 7. Subject to the above limits of liability, damages but not limits payable will be reduced by:
> (a) all amounts paid by the owner or operator of the underinsured auto or anyone else responsible.  This includes all sums paid under the liability coverage of this or any other policy.

Compl. Ex. A, p. 18.

Allstate contends that this "exhaustion clause" allows Banks to recover UIM benefits only if he can establish that his damages exceed the underlying tortfeasor's total liability coverage of $1,550,000, if it is established that both alleged tortfeasors were liable.  Allstate additionally asserts that, under no circumstances, should it be entitled to a setoff less than the amount actually received by Banks by virtue of his settlement of the underlying tort action.

Banks concedes that Allstate is entitled to a setoff of $165,000, the actual amount he received in settlement from the

alleged tortfeasors,[2] but argues that Ohio law restricted the amount of damages he could collect from North American Van Lines, because it is clear that North American would be determined to be less than 50% negligent.

Because the Court has already determined that questions of tort liability are for the arbitrators, Banks's supposition on how the negligence in this matter would be apportioned and his contention that Ohio law would limit his recovery against North American Van Lines are not relevant to the setoff issue. Nor does Ohio law govern the availability of UIM benefits, an inquiry concerning coverage provided by the policy and, therefore, decided under Pennsylvania law.

There is no controlling Pennsylvania Supreme Court decision on the issue of enforcement of exhaustion clauses concerning UIM benefits. "In the absence of an authoritative pronouncement from a state's highest court, [federal courts] may give serious consideration to the opinion of an intermediate appellate court." <u>Aetna Casualty & Surety Company v. Farrell</u>, 855 F.2d 146, 148 (3d Cir. 1988). Here, the Pennsylvania Superior Court

---

[2]

In the brief filed in support of his motion, Banks states: "To the extent that this court has jurisdiction to determine what offset Allstate should be entitled after determination of Banks' damages in the arbitration, the only amounts that should be considered should be the amounts actually received by Banks in his settlements against the Ohio defendants." Def.'s Br. 9

has decided a number of cases concerning exhaustion clauses in the context of UIM benefits.

In <u>Boyle v. Erie Insurance Company</u>, 656 A.2d 941 (Pa. Super. Ct. 1995), the plaintiffs were injured in an accident involving two other vehicles. The plaintiffs settled with one of the drivers for the limits of his liability coverage and settled with the other for only fifty percent of his total liability coverage and then made a claim against their insurance company for UIM benefits. The insurer denied coverage, in part, because the insured did not exhaust the limits of the second driver's liability policy. The plaintiffs then filed a declaratory judgment action seeking UIM benefits under their policy.[3]

The Superior Court first determined that exhaustion clauses were not per se invalid as contrary to Pennsylvania public policy and then discussed the competing interests implicated in the enforcement of such clauses. The Superior Court reconciled the conflicts as follows:

> We conclude, therefore, that the conflicting interests of insured and insurer can best and most fairly be served by construing the exhaustion clause in this case as a "threshold requirement and not a barrier to underinsured motorist insurance coverage." Thus, when the insureds settled their claim against the tortfeasor's liability carrier for less than

---

[3] The exhaustion clause in the <u>Boyle</u> policy was identical to the clause in the subject Allstate policy.

policy limits, the underinsured motorist carrier
was entitled to compute its payment to its
injured insureds as though the tortfeasor's
policy limits had been paid. Under this view,
the insureds will not be allowed underinsured
motorist benefits unless their damages exceed
the maximum liability coverage provided by the
liability carriers of other drivers involved in
the accident; and their insurer will, in any
event, be allowed to credit the full amounts of
the tortfeasor's liability coverages against the
insureds' damages. The courts of other
jurisdictions have applied a similar view.

Id. at 943-44 (citations omitted).

The holding in Boyle has been applied in subsequent
Superior Court cases, see Harper v. Providence Washington Insurance
Co., 753 A.2d 282, 2000 PA Super 156 (2000); Sorber v. American
Motorists Insurance Company, 680 A.2d 881 (Pa. Super. Ct. 1996);
Kelly v. State Farm Insurance Company, 668 A.2d 1154 (Pa. Super. Ct.
1995); Chambers v. Aetna Casualty & Surety Company, 658 A.2d 1346
(Pa. Super. Ct.1995), and other federal courts have decided that
Boyle is "an accurate indicator of Pennsylvania law holding that
insureds may only recover underinsured motorist benefits to the
extent that their awarded damages exceed the aggregate of coverage
afforded by the liability carriers of other involved motorists."
Bremer v. Prudential Property & Casualty Insurance Company, No. 3:
CV-03-1810, 2004 WL 1920708, at *4 (M.D.Pa. August 18, 2004). See
also DiSantis v. Allstate Insurance Company, No. CIV. A. 95-6700,
1996 WL 195387, at *5 (E.D.Pa. April 19, 1996)(Boyle accurately
states law of Pennsylvania); Standard Fire Insurance Company v.

19

<u>Wagner</u>, Civil Action No. 3:05-0580, 2006 WL 1787580, at *4 (M.D. Pa. June 26, 2006)(Pennsylvania Supreme Court would decide that insurer receives credit for liability limits of tortfeasors when claimant pursued claims and received recoveries).

This Court agrees that the logic employed by the <u>Boyle</u> Court governs here. Accordingly, Allstate's motion for summary judgment that Banks is only entitled to UIM benefits if his damages are in excess of $1,550,000, if both alleged tortfeasors are liable for the accident, is granted.

E.  <u>Consent</u>

Allstate also contends that Banks's failure to obtain its consent to settle with the tortfeasors has prejudiced Allstate's subrogation rights against the tortfeasor and thus constitutes a waiver of any UIM benefits that might have been available to him under the Allstate policy. Because Allstate has presented this argument as an alternative basis for recovery and because the Court is granting Allstate's motion for summary judgment on the three questions for which it is requesting declaratory relief, it is unnecessary to address this alternative argument. In any event, the Court is reluctant to enter judgment in favor of a party based on an allegation not raised in the complaint.

F.  <u>Conclusion</u>

For the reasons stated, Allstate's motion for summary judgment will be granted as to the three questions on which it is

seeking declaratory relief. Banks's motion to dismiss will be denied. Banks's motion for summary judgment declaring that Ohio law applies to the arbitration proceedings will be granted, but his motion requesting a determination that the offset issue should be decided by the arbitrators and that Allstate is entitled to an offset for only monies actually received in the settlement of the underlying cases will be denied. An appropriate order will be entered.


Dated:    August 9, 2010            s/Robert C. Mitchell
                                    Robert C. Mitchell
                                    United States Magistrate Judge

21